**Case No. 24-1566**

IN THE

# United States Court of Appeals
# for the Federal Circuit

_____

**IN RE UNITED STATES,**

DEFENDANT-APPELLANT

_____

APPEAL FROM THE UNITED STATES COURT OF INTERNATIONAL TRADE
IN NO. 1:21-CV-00288-SAV, JUDGE STEPHEN A. VADEN

_____

**OPPOSED MOTION OF COURT-APPOINTED *AMICUS CURIAE* FOR ACCESS TO CONFIDENTIAL DOCUMENTS FILED IN THIS APPEAL**

_____

ANDREW J. DHUEY
456 Boynton Avenue
Berkeley, CA  94707
(510) 528-8200

*Court-Appointed Amicus Curiae in Support of the United States Court of International Trade's Decision on Appeal*

14 March 2025

FORM 9. Certificate of Interest                                    Form 9 (p. 1)
                                                                   March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2024-1566 |
| **Short Case Caption** | In Re United States |
| **Filing Party/Entity** | Court-Appointed Amicus Curiae, Andrew J. Dhuey |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.


Date: 03/14/2025                    Signature:   /s Andrew J. Dhuey

                                    Name:        Andrew J. Dhuey

FORM 9. Certificate of Interest

Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| None; filing party is an attorney appointed by the Court on 2/20/25 to be an amicus curiae. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable        ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐   Yes (file separate notice; see below)    ☐   No    ☑   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable        ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

**OPOSED MOTION OF COURT-APPOINTED *AMICUS CURIAE* FOR ACCESS TO CONFIDENTIAL DOCUMENTS FILED IN THIS APPEAL**

*Amicus curiae* Andrew J. Dhuey ("*amicus curiae*"), appointed by the Court on February 20, 2025 to defend the decision under review (D.E. 29), moves for an order of the Court to grant him access to all confidential filings in the docket of this appeal. This would include access to the Confidential Corrected Principal Brief of Defendant-Appellant United States (D.E. 20), the Confidential Appendix (D.E. 17), any confidential version of a reply brief that the Defendant-Appellant United States ("the government") may file in response to the brief of *amicus curiae*, and all other confidential filings in this appeal.

*Amicus curiae* discussed this motion via email and phone with counsel for the government.[1] Opposing counsel initially stated that the government anticipates opposing my motion, but it would need to review a draft of my motion before making a decision.[2] *Amicus curiae* shared of draft of this motion with government counsel late in the day on 13 March 2025.[3] On 14 March 2025, counsel for the for the government informed *amicus curiae* that the government will file an opposition to this motion.[4]

---

[1] Declaration of Andrew J. Dhuey in support of motion of court-appointed *amicus curiae* for access to confidential documents filed in this appeal, attached below, at 6-7, ¶¶ 2-7.
[2] Dhuey Decl. at 6, ¶ 4.
[3] Dhuey Decl. at 7, ¶ 7.
[4] Dhuey Decl. at 7, ¶ 7.

Had *amicus curiae* appeared in this case at the U.S. Court of International Trade ("CIT"), CIT Rule 73.2(c)(2) would have governed whether he could gain access to material designated as business proprietary information ("BPI") in the administrative record in those proceedings. If *amicus curiae* had been unable to secure the government's consent to access BPI in the administrative record, the trade court could have nonetheless exercised its discretion to "issue[] an order granting . . . access to such information" and *amicus curiae* would have had "access to business proprietary information pursuant to the terms of Administrative Order No. 02-01." CIT Rule 73.2(c)(2)(ii).

*Amicus curiae* respectfully asks that the Court grant him access to confidential documents filed in this appeal on identical terms to those set forth in the Administrative Order No. 02-01 cited in CIT Rule 73.2(c)(2)(ii). To be clear, *amicus curiae* does not seek access to the entire administrative record in this case – only the portions of that record that the government has or will put before this Court as part of this appeal.

As *amicus curiae* explained to counsel for the government, in the course of preparing his brief defending the decision under review, it has become apparent that a complete response to the government's opening brief would require access to

the confidential materials the government has discussed in its principal brief and submitted to this Court.[5]

For example, the government contends that it was an abuse of discretion for the trade court to state approximations of BPI in the administrative record: "Couching language through use of words like 'roughly,' 'about,' and 'at least' to refer to the BPI, as the CIT did, also does not alter the fact that the alternative numerical figures utilized by the CIT disclosed the confidential information bracketed by the Commission." ITC Br. 46. A robust defense of the decision below would require *amicus curiae* to discuss the differences between the language the trade court used, versus the exact BPI in the administrative record. Of course, all such direct comparisons appearing in *amicus curiae's* brief would need to redact that BPI originating from the administrative record from the public version of the brief of *amicus curiae*, pursuant to Federal Circuit Rule 25.1.

There might be portions of the Confidential Appendix not cited by the government that *amicus curiae* would cite in defense of the decision below. Not having seen these confidential materials, *amicus curiae* is unable to determine if other portions of the Confidential Appendix merit this Court's attention.

Given the foregoing important reasons for accessing the BPI filed by the government in this appeal, there is no reasonable basis to deny *amicus curiae* such

---

[5] Dhuey Decl. at 6, ¶ 5.

access. Moreover, doing so would not present anything like the concerns raised when in-house corporate counsel accesses the BPI of a competitor. *Cf. U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984). *Amicus curiae* practices mainly in the field of intellectual property,[6] and it is unlikely that he would ever represent a client that would have any interest in the BPI contained in documents filed in this appeal.

*Amicus curiae* assures the government, and he assures the Court, that he would take the appropriate care to maintain the strict confidentiality of any BPI he accesses and/or cites to in this appeal, per the terms of ITC Administrative Order No. 02-01 and Federal Circuit Rule 25.1.[7] In over 32 years of legal practice, including 27 years as an active member of this Court's bar, *amicus curiae* has never been accused of mishandling confidential information.[8] In scores of patent, copyright, trademark, and trade secret cases, he has navigated the applicable

---

[6] Dhuey Decl. at 7, ¶ 9.

[7] By accepting to be bound by the confidentiality provisions of ITC Administrative Order No. 02-01, *amicus curiae* does not waive his right to quote in his public briefing filed in this appeal any part of the 20 December 2023 merits decision in this case, which is unredacted and publicly available in this court's docket in case no. 24-1504 (D.E. 1-2 at 27-71) and is available online and in printed volumes of West's Federal Supplement, 3d at 675 F. Supp. 3d 1324.

[8] Dhuey Decl. at 7, ¶¶ 8-10.

public/confidential filing requirements without incident.[9] He has never been

sanctioned for misconduct by any court, tribunal, or disciplinary authority.[10]

## CONDITIONAL REQUEST FOR EXTENSION OF TIME TO FILE BRIEF OF *AMICUS CURIAE*

Should the Court grant this motion, *amicus curiae* respectfully requests a 14-

day extension of time until Tuesday, 15 April 2025 to file his brief in defense of

the decision under review. The index of the Public Appendix (D.E. 11 at TOC 2-3)

suggests that the Confidential Appendix filed under seal spans several thousands of

pages more than the Public Appendix. This time extension would allow *amicus*

*curiae* sufficient time to review those thousands of pages, enabling him to better

fulfill his appointed role of defending the decision under review.

Date: 14 March 2025                    Respectfully submitted,

/s/ Andrew J. Dhuey

ANDREW J. DHUEY
456 Boynton Avenue
Berkeley, CA 94707
(510) 528-8200
ajdhuey@comcast.net

*Court-Appointed Amicus Curiae in Support of the United States Court of International Trade's Decision on Appeal*

---

[9] Dhuey Decl. at 7, ¶ 10.
[10] Dhuey Decl. at 7, ¶ 11.

**DECLARATION OF ANDREW J. DHUEY IN SUPPORT OF OPPOSED MOTION OF COURT-APPOINTED *AMICUS CURIAE* FOR ACCESS TO CONFIDENTIAL DOCUMENTS FILED IN THIS APPEAL**

I, Andrew J. Dhuey, declare:

1.      I am an attorney duly licensed to practice law before the courts in the State of California, and I am a member in good standing of the bar of this Court. I have personal knowledge of the facts and circumstances surrounding this matter and could, if called, competently testify thereto.

2.      On 10 March 2025, I sent an email to Courtney McNamara, lead counsel for the United States in this case, requesting a time to discuss via telephone my interest in gaining access to confidential documents the government has filed in this appeal.

3.      Since my initial 10 March 2025 email, Ms. McNamara and I have exchanged emails and have had a telephone conversation to discuss whether the government would oppose my intent to file a motion for access to confidential documents the government has filed in this appeal.

4.      In a 12 March 2025 email, Ms. McNamara stated: "we anticipate opposing such a motion and would request that you provide us with a draft so that we can review and provide our official position on your request."

5.      Later on 12 March 2025, Ms. McNamara and I had our telephone conversation. I explained to Ms. McNamara that in the course of preparing my brief defending the decision under review, it has become apparent to me that a complete response to the government's opening brief would require access to the confidential materials the government has discussed in its principal brief and submitted to this Court.

6.      Ms. McNamara told me that she would need to discuss the matter with her colleagues, and that the government will need to review a draft of my motion

before deciding whether it will oppose my motion.

      7.     I emailed a draft of this motion to Ms. McNamara late in the day on 13 March 2025. On 14 March 2025, Ms. McNamara informed me that the government will file an opposition to my motion.

      8.     I have been an attorney licensed to practice law since 14 December 1992 and an active member of this Court's bar since 23 June 1998.

      9.     My legal practice has mostly been in intellectual property litigation.

      10.     I have been counsel in scores of patent, copyright, trademark, and trade secret cases, and in a large number of those cases I have had access to the confidential information of opposing parties. No one has ever accused me of mishandling any confidential information, and I have never experienced any problems related to the filing of dual confidential/public briefs and motions.

      11.     I have never been sanctioned for misconduct by any court, tribunal, or disciplinary authority.

      I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration was executed on the 14th day of March 2025, in Berkeley, California.

                                  By: /s/ Andrew J. Dhuey