**2024-1566**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

In re UNITED STATES,

*Defendant-Appellant.*

Appeal from the United States Court of International Trade in
No. 1:21-cv-00288-SAV, Judge Stephen A. Vaden

**RESPONSE IN OPPOSITION TO MOTION OF COURT-APPOINTED *AMICUS CURIAE* FOR ACCESS TO CONFIDENTIAL DOCUMENTS FILED IN THIS APPEAL**

**ANDREA C. CASSON**
Assistant General Counsel for
  Litigation
Telephone (202) 205-3061

**COURTNEY S. McNAMARA**
**L. MISHA PREHEIM**
Attorney Advisors
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone (202) 205-3095

Dated: March 24, 2025

Pursuant to Federal Circuit Rule 27(a)(3), Defendant-Appellant, the U.S. International Trade Commission ("Commission"), respectfully submits this opposition to *amicus curiae* Andrew J. Dhuey's motion for access to confidential information. In his motion, Mr. Dhuey asks the Court to grant him access to confidential filings in this appeal, including the confidential appendix that includes questionnaires provided to the Commission, both by interested parties and third parties (e.g. purchasers), under a promise of confidentiality. As explained below, *amicus curiae's* motion fails to address the detailed and comprehensive statutory scheme concerning the protection of proprietary information established by Congress and he further fails to provide any good reason for why he needs access to these confidential documents. Accordingly, the Court should deny the motion.

At the outset, we note that the Commission welcomes a thorough discussion and full consideration of the public interest and legal issues implicated in this appeal. Indeed, even though his request to appear as *amicus curiae* did not comport with the Rule 29 of the Federal Rules of Appellate Procedure, the Commission did not oppose Mr. Dhuey's request, in which he indicated that he intended to argue "on behalf of the public interest in judicial transparency."[1] ECF

---

[1] In this regard, Mr. Dhuey appeared to be acting in the "classic role" of an *amicus curiae*. "'The traditional function of an *amicus curiae* is to assist in cases of general public interest by supplementing the efforts of private counsel and by drawing the court's attention to law that might otherwise escape consideration.'"

27.  Mr. Dhuey's request nowhere suggested that his participation would require access to confidential business proprietary information, despite having indicated that he reviewed the docket in this appeal.  *Id.*  Now, however, Mr. Dhuey asks for access to confidential information and, more specifically, to our confidential brief and appendix.  As explained below, this Court should deny Mr. Dhuey's request because it contravenes the statutory scheme that governs the limited release of business proprietary information that the Commission gathers in the course of its proceedings, and thus implicates the core issues at the heart of this case. Moreover, Mr. Dhuey has failed to demonstrate that he has a legitimate need for the information he seeks.

## I.    Background

This matter originally involved cross-appeals in which an importer of subject merchandise, CVB Inc., appealed the merits of the Court of International Trade's ("CIT") decision, *CVB, Inc. v. United States*, 675 F. Supp. 3d 1324 (Ct. Int'l Trade 2023) ("Merits Decision"), and the Commission appealed the CIT's denial of the parties' joint motion to accord confidential treatment to the business proprietary information ("BPI") contained within the Merits Decision ("BPI Denial Decision"), *CVB, Inc. v. United States*, 681 F. Supp. 3d 1313 (Ct. Int'l Trade

---

*Shoemaker v. City of Howell*, 795 F.3d 553, 562 (6th Cir. 2015) (quoting Moore's Fed. Practice § 28.84 (2014)).

2024).  *See CVB, Inc. v. United States*, Nos. 24-1504, 24-1566.  On March 20, 2024, this Court ordered the appeals consolidated, and ordered a consolidated briefing schedule in which CVB's principal brief, addressing the merits of the Commission's underlying material injury determination, (Appeal No. 24-1504), was due first, and the principal and response brief of the United States, addressing both appeals, was due after CVB's principal brief, and defendant-intervenors' brief was to follow.  *See* No. 24-504, ECF 16.  The respective briefs of CVB, the Commission, and defendant-intervenors naturally contained BPI, principally regarding CVB's appeal challenging the merits of the Commission's material injury determination.  In fact, CVB and defendant-intervenors addressed only the Merits Decision in their briefs, and all of the BPI in their briefs therefore related only to that appeal.  This was not surprising, given that both of these parties had joined the Commission in the motion to the lower court requesting redaction of the BPI disclosed in the Merits Decision.  After all parties filed their respective briefs (except for CVB's reply brief), CVB sought dismissal of its appeal of the Merits Decision, filing a Joint Stipulation of Dismissal as well as a Notice of Non-Participation in the remaining appeal of the BPI Denial Decision.  *See* Joint Stipulation of Dismissal (No. 24-1504, ECF 60); Notice of Non-Participation (No. 24-1504, ECF 61).  The Court then dismissed Appeal No. 2024-1504.  *See* No. 24-1504, ECF 63).

The Court also ordered the Commission "to submit a revised brief in Appeal No. 24-1566 that shall be revised only to the extent that it reflects the revised caption and omits those portions of its original brief addressing CVB's arguments" and to submit the joint appendix at that time. *Id.* The Commission subsequently submitted a revised brief, removing only the portions that specifically addressed CVB's arguments, as directed by the Court. *See* Confidential Second Corrected Principal Brief of Defendant-Appellant United States (ECF 20) ("Commission Brief"). Because the Commission's original Statement of the Facts was prepared with both appeals in mind, it contained confidential BPI necessary to defend the Commission's material injury determination. In compliance with the Court's order, it was not possible for the Commission to remove this BPI or to recharacterize it in a non-confidential fashion.

At the current stage, and pertinent to Mr. Dhuey's participation in this case—as well as the participation of the two other *amici* – the only remaining issue is that which the Commission raised on cross-appeal: whether the CIT abused its discretion in denying the parties' joint motion to redact information determined by the Commission to constitute BPI in accordance with the governing statute and regulations. Thus, the only question necessary for any of the *amici* to address is the legal question of whether the lower court abused its discretion in second-guessing the Commission's designation of BPI. We submit that access to the

particular information that the lower court disclosed goes beyond this generic legal question.

Notably, the other *amici* that have filed briefs in this case—the Customs and International Trade Bar Association ("CITBA") and the International Trade Commission Trial Lawyers Association ("ITCTLA") consisting of a broad swath of counsel who practice on all sides of Commission proceedings, recognized that access to the specific BPI in the record of this particular case was not necessary to address the pertinent legal issue. Just as they were able to informatively address the pertinent issue without access to the BPI, there is no reason why *amicus* Mr. Dhuey cannot do so as well.

## II. Congress Established a Comprehensive Statutory Scheme Regarding the Collection and Protection of Confidential Business Proprietary Information that Permits Only Limited Disclosure to Interested Parties that Are Parties to Commission Proceedings

As noted above, *amicus* Mr. Dhuey's request for access to the BPI implicates the issue that is at the heart of this appeal. To put his request in perspective, we summarize below the statutory and regulatory bases that inform the Commission's concerns about the lower court's actions, as well as the request by Mr. Dhuey (who does not represent any of the interested parties that participated in the Commission's investigation) for access to BPI gathered in that investigation.

Congress established a statutory scheme designed to afford the Commission the ability to obtain information necessary for it to perform its statutory functions

within a framework that provides robust protection for BPI and allows for only limited release. Thus, Congress granted the Commission in its organic statute broad authority to gather any and all information necessary for it to perform its statutory functions and duties, including BPI. *See* 19 U.S.C. § 1333. Under this authority, the Commission obtains information from market participants (domestic and foreign producers, foreign exporters, U.S. importers, and U.S. purchasers) that is essential to the performance of its statutory functions in AD/CVD investigations, including but not limited to confidential BPI.

Congress further directed that confidential BPI shall not be disclosed unless it can be done so in a manner that does not reveal the individual operations of a firm or it is released under an administrative protective order (APO), or the Commission received the consent of the person submitting such information. *See* 19 U.S.C. § 1677f(b)(1)(A). Consistent with this statutory framework, and with the accompanying authorization for the Commission to adopt procedures and regulations as it deems necessary, 19 U.S.C. § 1335, the Commission promulgated rules defining the information that constitutes confidential business information and concerning the submission and protection of such information. *See* 19 C.F.R. §§ 201.6(a); 207.7.

Subsection (c) of 19 U.S.C. § 1677f, entitled "Limited Disclosure of Certain Proprietary Information Under Protective Order," specifically provides that, even

under a protective order, disclosure of certain proprietary information is limited to interested parties who participated in the agency proceeding. 19 U.S.C. § 1677f(c)(1)(A); *see also* 19 C.F.R. 207.7(3) (only an authorized applicant – counsel or a representative of an interested party – may file a protective order application). Here, it is undisputed that *amicus* Mr. Dhuey does not represent a party that participated in the Commission's underlying investigation, let alone an "interested party" in the Commission's investigation, as he does not represent a foreign producer, U.S importer, or domestic producer, or trade association consisting of any of these; or union or other organization representing workers engaged in domestic production; or a foreign government subject to the Commission's investigation. See 19 U.S.C. § 1677(9). .

That disclosure under a protective order is intended to be limited to interested parties who are parties with due process interests in agency proceedings is underscored by the legislative history. The Senate Finance Committee found "that the administrative process would be greatly improved if parties to an investigation who request protective order access be given it in a timely manner that enables them to use the information effectively." S. Rep. 100-71 at 112 (1987). The Committee explained that this improved access to BPI in agency proceedings was justified because it strikes a balance between the interests of the various companies submitting confidential BPI, some of which are not parties to

the proceedings, with the due process rights of parties that are appearing before the Commission: "[I]n an injury investigation conducted by the ITC pertinent information is derived from a variety of sources, many of whom are not parties to the proceeding. This section, therefore, provides the parties before either agency full access to meaningful information that will assist in their preparation of a case." *Id.* The Committee further explained that "[t]he persons to whom access to confidential information may be granted under protective order are counsel or other representatives of the parties who require access in order to assist in their preparation of the case…." *Id.* at 113.

Having established a detailed and comprehensive framework for the robust protection of BPI during agency proceedings, Congress further mandated that the confidential status of any BPI treated as such before the agency be maintained in subsequent proceedings before the CIT. Specifically, 19 U.S.C. § 1516a(b)(2)(B) requires that:

> *The confidential or privileged status accorded to any documents, comments, or information shall be preserved in any action [before the Court of International Trade] under this section.* Notwithstanding the preceding sentence, the court may examine, in camera, the confidential or privileged material, and may disclose such material under such terms and conditions as it may order.

19 U.S.C. § 1516a(b)(2)(B) (emphasis added).

Although the second sentence of this statutory provision gives the court the latitude to disclose confidential material "under such terms and conditions as it may order," (*i.e.,* a judicial protective order), this provision must be read in context of the preceding sentence as well as the broader statutory scheme that Congress set forth establishing the confidential status accorded to BPI gathered during the Commission's proceedings. Accordingly, disclosing BPI, even under a judicial protective order, to an individual that does not represent an interested party that was a party to the proceedings before the Commission, and therefore lacks the necessary due process interests that justify disclosure, without the consent of the submitter of the information or affording them an opportunity to be heard, would contravene the robust protection framework established by Congress.

## III. *Amicus* Mr. Dhuey Errs in Claiming That CIT Rule 73.2 Would Have Enabled Him Access To BPI

Overlooking the statutory framework that applies to the protection of BPI, Mr. Dhuey relies on CIT Rule 73.2(c)(2) for the proposition that this rule would have allowed him to gain access to confidential information before the court below. Mot. at 2. This reliance, however, is misplaced.

Various statutory provisions confirm that Rule 73.2(c)(2) only applies to interested parties that participated in the underlying agency proceedings. Thus, this rule expressly applies to "[an] attorney or consultant . . . in an action described in 28 U.S.C. § 1581(c)." Section 1581(c) provides that "[t]he Court of

International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A or 517 of the Tariff Act of 1930."  In turn, 19 U.S.C. § 1516a, which applies to cases reviewing antidumping and countervailing duty determinations, provides that "an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade."  19 U.S.C. § 1516a(a).  Further, subsection (c) of 28 U.S. Code § 2631 provides that "[a] civil action contesting a determination listed in section 516A of the Tariff Act of 1930 may be commenced in the Court of International Trade by any interested party who was a party to the proceeding in connection with which the matter arose," while subsection (j)(1)(B) provides that "in a civil action under section 516A of the Tariff Act of 1930, only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right."  28 U.S.C. §§ 2631(c), 2631(j)(1)(B).

Again, *amicus* Mr. Dhuey has no interest in the merits of the case below and does not represent an interested party that participated in the proceedings before the Commission.  As such, he has shown no legal basis for access to BPI, and he has no due process interests that would justify disclosure of BPI.[2]  We are unaware

---

[2] Mr. Dhuey's reliance on *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) is misplaced as that case involved an interested party, a U.S. steel producer, that was a party, namely one of several petitioners, in the underlying

of any instance where the CIT or this Court has granted a non-party access to confidential information under similar circumstances, and Mr. Dhuey cites no such case.

In fact, we are aware of only two cases before the CIT regarding disclosure of confidential information that involved a party that was not a party to the administrative proceedings below, and in both cases, the court denied access, even under a judicial protective order. *See Chevron U.S.A. Inc. v. United States*, 11 CIT 76 (1987) and *Freres v. United States*, 554 F. Supp. 1246 (Ct. Int'l Trade 1982). In both cases, after denying a domestic producer's motion to intervene as a matter of right because it did not participate as a party in the underlying proceedings, the court allowed participation as *amici* in the cases for the purpose of challenging the disclosure of their respective domestic producer questionnaire responses under a protective order. *See Chevron*, 11 CIT at 77-79; *Freres*, 554 F. Supp. at 1247-48. In both cases, the court denied the seeking party's requests that *amici's* BPI be disclosed under a protective order. *See Chevron*, 11 CIT at 81; *Freres*, 554 F. Supp. at 1248.

---

proceedings. *See C*ertain Steel Products from Belgium, Brazil, France, Italy, Luxembourg, the Netherlands, Romania, the United Kingdom, and West Germany*, Inv. Nos. 701-TA-86 -144, 701-TA146-147731-TA-53- 86 (Preliminary) USITC Pub. 1221 (Feb. 1982).

In sum, there would have been no basis for the CIT to grant *amicus* Mr.

Dhuey access to any confidential BPI, even under a judicial protective order, just

like there is no basis to do so here, either for Mr. Dhuey or for the other *amici* in

this case.

## IV.    *Amicus* Mr. Dhuey Has Failed to Demonstrate Any Need for Access to the Confidential BPI

The statutory provision, discussed above, providing for particularized APO

access to BPI for interested party counsel, was implemented in 1988.  *See Omnibus*

*Trade and Competitiveness Act of 1988*, H.R. Rep. No. 100-576 (1988).  Prior to

that, the CIT in some cases was asked to consider whether to exercise its discretion

to grant interest party representatives access to certain confidential business

documents contained in the administrative record.  Putting aside the current

statutory prohibitions against granting BPI access to non-interested-parties, even

the factors that the CIT considered for interested parties under 19 U.S.C. §

1516a(b)(2)(B) before Congress spoke weigh firmly against providing *amicus*

access to BPI in this appeal.  As the CIT explained, "in exercising its discretion, the

court must balance the competing interests of a party's need for the information

against the potential harm in disclosing it, guided by the following considerations:

> (1) the needs of the litigants for data used by the
> Government in order to adequately respond to the
> [administrative agency] finding, (2) the needs of the
> Government in obtaining confidential information from
> businesses in future proceedings, and (3) the needs of the

> [disclosing parties] to protect from disclosure information which, in the hands of a competitor, might injure their respective positions in the industry.

*A. Hirsh, Inc. v. United States*, 657 F. Supp. 1297, 1300 (Ct. Int'l Trade 1987). Consideration of these factors establishes that Mr. Dhuey is not entitled to the confidential information that he seeks.

Before addressing the first consideration, we note that the second and third factors weigh heavily against disclosure in these circumstances. As summarized above, and detailed in the Commission's brief to the Court, the need of the Commission to gather and strictly protect confidential BPI is substantial. Indeed, the purpose of the Commission's cross-appeal is to protect the integrity of confidential information provided to the Commission during its proceedings and to avoid the chilling effect that public release of that information may have on future participants. As this Court has recognized, the disclosure of BPI "undoubtedly ha[s] a chilling effect on the parties' willingness to provide the confidential information essential to the Commission's fact finding processes." *See Akzo N.V. v. U.S. Int'l Trade Comm'n*, 808 F.2d 1471, 1483 (Fed. Cir. 1986). Here, as discussed above, *amicus* Mr. Dhuey does not represent an interested, or any, party to the Commission's proceedings and would not have had access to confidential information presented to the Commission, nor would there have been any basis for him to have been granted access to BPI during the CIT proceedings. Granting a

party who never appeared before the Commission access to that information under the auspices of *amicus curiae* participation (and without any good reason for needing the information) would allow any individual or entity to seek confidential information through the same process and would be inconsistent with, and represent an extraordinary departure from, the confidentiality safeguards established in the statutory and regulatory framework. Thus the second consideration alone should disallow disclosure.

The third consideration is more specific to requests from interested parties who may be competitors of the parties that submitted the information, or parties who seek agency documents pertaining to their own operations. *See, e.g, Star-Kist Foods, Inc. v. United States,* 8 C.I.T. 198 (1984). The request here, however, goes beyond the statutorily-contemplated APO access for interested parties. Certainly, this extraordinary request should be given even more scrutiny than that afforded to requests from parties who have a concrete interest in the merits of the agency proceedings.[3]

Further, as the other *amici* have explained, the trade bar as a whole has understood and developed expectations, which they have relayed to their clients,

---

[3] To be certain, the Commission is not questioning Mr. Dhuey's integrity or trustworthiness. Those traits are irrelevant to the motion here, where the *amicus* is requesting extra-statutory access to BPI that is not necessary to address the legal and public interest issues in this case.

about the strict protections that the Commission will afford BPI obtained in the course of its proceedings. *See e.g.*, CITBA *Amicus* Br. at 17-22 (ECF 25); ITCTLA *Amicus* Br. at 9-10 (No. 24-1504, ECF 54). Thus, while the individual submitters whose information is at issue are not here to address their needs to protect their BPI, the parties that appear before the Commission or otherwise submit their sensitive BPI to it in the course of its proceedings, have a substantial interest in ensuring that such information is strictly protected as expected.

Turning back to the first factor for consideration, Mr. Dhuey is not and does not represent a "litigant" nor is he challenging the Commission's findings in the underlying determinations. Nor would he have standing to do so, as he did not and does not represent an interested party to the Commission proceedings. In addition to the statutory bar to granting him BPI access, this lack of connection to the underlying proceedings also translates to a lack of due process interests that underlie the statutory establishment of the protective order system to allow counsel for interested parties access to BPI. As discussed above, we are unaware of any cases, and Mr. Dhuey does not cite any, in which BPI was disclosed in similar circumstances, which would represent an extraordinary departure from the comprehensive statutory and regulatory framework.

Nor has Mr. Dhuey shown any actual need for the information. Just as the other *amici* recognized, there is no need to have access to the actual BPI to address

the legal issues or any issues of public interest in this appeal.[4]  Further, Mr.

Dhuey's stated needs for access to BPI are vague, overbroad, and, as discussed

further below, he has not shown that knowledge of these specific data is relevant or

necessary to the appeal, let alone to his role in the appeal.

First, Mr. Dhuey requests access to BPI that the Commission "discussed in

its principal brief and submitted to this Court."  Mot. at 2-3.  As discussed above,

however, the Commission's initial brief was prepared in the context of both the

Commission's defense of the Merits Decision and its appeal of BPI Denial

Decision.   While the Commission complied with the Court's order to remove the

parts of its brief that responded to CVB's arguments after its appeal was

withdrawn, portions of the brief, such as the statement of facts and summary of the

Merits Decision, included discussions of and citations to BPI that are not relevant

to the issues related to the appeal of the BPI Denial Decision.  Correspondingly,

the joint appendix included parts of the record that were cited in the Statement of

the Case but not necessarily pertinent to the BPI issue.  Mr. Dhuey has not shown

how access to any of this BPI is relevant or necessary to his ability to respond to

the appeal of the BPI Denial Decision.

---

[4] Moreover, the actual BPI that the Commission, and all other parties to the appeal, assert that the lower court should have redacted, was in fact disclosed by the court in its public opinion, readily available to Mr. Dhuey.

Mr. Dhuey also claims that "[t]here might be portions of the Confidential Appendix not cited by the government that *amicus curiae* would cite in defense of the decision below." Mot. at 3. Here again, *amicus's* role does not require that he address the individual pieces of questioned information. To the contrary, as an *amicus* who sought that appointment in order to represent the public interest, it would seem that Mr. Dhuey's role is to provide the perspective on why, as a general legal matter, the lower court acted within its discretion in choosing to question and overrule the Commission's BPI designations. Further, the acknowledgement that information appearing in the confidential joint appendix is rightfully there only serves to support the continued confidential treatment of BPI, and not to justify its public disclosure or disclosure outside the established statutory parameters.

Likewise, Mr. Dhuey has failed to actually show that he is unable to respond to the Commission's brief without access to the precise BPI discussed or cited therein.[5] And any such claims at this point are inconsistent with his representations to the Court when he sought appointment to this role, that he had read the docket below and was ready to act as an *amicus* in this case. Indeed, the

---

[5] As discussed below, Mr. Dhuey has only identified one part of the Commission's brief that he is purportedly unable to respond to without access to the underlying BPI. The Commission respectfully requests that, should he attempt to identify any other specific parts of the Commission's brief in his reply, it be afforded the opportunity to respond to any such newly raised request.

Commission publicly explained how it properly treated data derived from questionnaires as BPI during the underlying proceedings. Commission Br. at 29-35. To reiterate, *amicus* Mr. Dhuey does not need the underlying BPI to address the legal question in this appeal, which is not whether the Commission correctly designated each particular piece of information as BPI. Rather, the legal focus is on whether, once designated as such in the underlying proceedings in accordance with the governing statutes, regulations, and agency practice, the lower court was required pursuant to 19 U.S.C. § 1516a(b)(2)(B) to preserve that BPI status. Regarding the actual focus of the requested *amicus* brief, *i.e.*, on representing the public interest, it bears note that the Commission did not cite or discuss any BPI in the section of its brief addressing the lower court's finding that the common law right of public access supersedes the Commission's statutory obligations concerning restrictions on disclosure of BPI.

Nor does Mr. Dhuey need access to BPI to respond to the Commission's argument that confidentiality was not waived. Commission Brief at 42-44. Again, to the extent that the Commission discussed BPI, it does so in general terms publicly, and access to the underlying information is not needed to address the legal issue of whether the CIT erred in finding waiver where the submitters of information had not consented to disclosure pursuant to 19 U.S.C. § 1677f(b)(1).

Similarly, Mr. Dhuey does not need access to the specific BPI in the record of these appeals to respond to the Commission's argument that information regarding subject import volume and market share was not publicly available. Commission Brief at 44-45. Putting aside that the lower court already disclosed—improperly in our view—these data, the question of whether the Commission's designation of such types of data should govern does not necessitate access to the specific data in this case.

For each of the reasons discussed above, Mr. Duehy's vague claims do not establish that the BPI to which he seeks access is either necessary or relevant to his response to the Commission's arguments in this appeal. To the extent he identifies one, and only one, specific citation in the Commission's brief that he is purportedly unable to respond to, his argument on that request also does not show a necessity for access to the specific information. In particular, his citation to theCommission's arguments that the lower court improperly couched language through use of words like 'roughly,' 'about,' and 'at least' to refer to the BPI, does not show a need for him to access the actual data from which the lower court derived its public revelations. Mot. at 3 (quoting Commission Brief at 46). The substance of the disclosed information simply is not relevant to the Commission's argument that the CIT cannot disclose those confidential figures, whatever they

may be, even if it adds words like "approximately" before them and even if it changes words like twenty-five percent to "one-quarter."

Thus, neither Mr. Dhuey's vague claims nor his one specific identification of one citation in the Commission's brief establish a need or reason for him to have access to the BPI in this case. Just as for the other *amici*, access to specific BPI is not necessary to address the legal question at issue in this matter. Again, the Commission believes a well-rounded discussion of the legal issues and public interest perspective is beneficial. But, simply put, access to BPI is not necessary for that to occur.

## CONCLUSION

For the foregoing reasons, the Commission respectfully requests that this Court deny *amicus curiae's* motion for access to confidential information.

Respectfully submitted,

/s/Andrea C. Casson
Andrea C. Casson
Assistant General Counsel for
Litigation

/s/ Courtney S. McNamara
Courtney S. McNamara
L. Misha Preheim
Attorney Advisors
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Tel: (202) 205-3095
Courtney.McNamra@usitc.gov

*Counsel for Defendant-Appellant*
*United States*

March 24, 2025

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION, TYPEFACE, AND TYPE STYLE REQUIREMENTS**

Pursuant to Federal Rules of Appellate Procedure 27(d)(2)(A) and 32(g) and

Federal Circuit Rule 32(b), I hereby certify that this attached response has been

prepared in a proportionally-spaced typeface using Microsoft Office 365, in Times

New Roman 14-point font.  The response contains a total of 4,702 words, obtained

from the word-count function of the word-processing system, including all

footnotes and annotations.

*/s/ Courtney S. McNamara*
Courtney S. McNamara
Attorney-Advisor
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3095
courtney.mcnamara@usitc.gov

*Counsel for Defendant-Appellant
United States*

Date: March 24, 2025