IN THE

# United States Court of Appeals
# for the Federal Circuit

### IN RE UNITED STATES,

DEFENDANT-APPELLANT

———————

APPEAL FROM THE UNITED STATES COURT OF INTERNATIONAL TRADE
IN NO. 1:21-CV-00288-SAV, JUDGE STEPHEN A. VADEN

## REPLY BRIEF OF COURT-APPOINTED *AMICUS CURIAE* IN SUPPORT OF OPPOSED MOTION FOR ACCESS TO CONFIDENTIAL DOCUMENTS FILED IN THIS APPEAL

ANDREW J. DHUEY
456 Boynton Avenue
Berkeley, CA 94707
(510) 528-8200

*Court-Appointed* Amicus Curiae *in Support of the United States Court of International Trade's Decision on Appeal*

30 March 2025

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---:|:---|
| **Case Number** | 2024-1566 |
| **Short Case Caption** | In Re United States |
| **Filing Party/Entity** | Court-Appointed Amicus Curiae, Andrew J. Dhuey |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 03/30/2025

Signature: /s Andrew J. Dhuey

Name: Andrew J. Dhuey

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| None; filing party is an attorney appointed by the Court on 2/20/25 to be an amicus curiae. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable  ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)  ☐ No  ☑ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable  ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

In opposing what should be a routine and uncontested motion for access under a protective order to confidential filings in the appellate record, Defendant-Appellant, the U.S. International Trade Commission prematurely and unnecessarily raises confidentiality issues that go to the merits of this appeal. But there is only one authority cited by the Commission that bears on the very limited question at issue in this pending motion to grant *Amicus Curiae* access to the Commission's confidential filings in this appeal:

> The confidential or privileged status accorded to any documents, comments, or information shall be preserved in any action under this section. Notwithstanding the preceding sentence, the court may examine, *in camera*, the confidential or privileged material, and may disclose such material under such terms and conditions as it may order.

19 U.S.C. §1516a(b)(2)(B).

The Commission argues in its opening merits brief that the only permitted disclosures under §1516a(b)(2)(B) "are those relating to a protective order." Nonconfidential Corrected Principal Brief of Defendant-Appellant United States ("ITC Principal Br."), D.E. 14, at 26-27. Now the Commission proposes an additional limitation on disclosures – they may be made only "to interested parties that are parties to Commission proceedings." Response in Opposition to Motion of Court-Appointed *Amicus Curiae* for Access to Confidential Documents Filed in This Appeal ("ITC Opp."), D.E. 35 at 6.

The weighty question of whether disclosures permitted under §1516a(b)(2)(B) are limited to *protective* orders (and thus Article III courts may *never* publicly disclose confidential materials) is a matter for the merits briefing in this appeal. But the narrow and easy question the pending motion presents is whether the Court may grant its appointed *Amicus Curiae* access, under a protective order, to confidential materials in the Commission's appeal. The answer is that the Court may do so, and it should do so here.

The Commission fails to show why the Court should take the extraordinary step of reading an atextual "interested party" limitation into §1516a(b)(2)(B)'s unambiguous and unqualified acknowledgement that a court "may disclose such [confidential] material under such terms and conditions as it may order." 19 U.S.C. §1516a(b)(2)(B); s*ee Norfolk Dredging Co. v. United States*, 375 F.3d 1106, 1110 (Fed. Cir. 2004). ("The language of the statute at issue in this case is clear and unambiguous, and absent extraordinary circumstances our inquiry must end here. . . . Thus, it is unnecessary to seek clarification in the admittedly sparse legislative history."). There is nothing in the cited legislative history to suggest that Congress ever contemplated, much less intended to prohibit, disclosures under protective orders to court-appointed *amici*.

On whether the Court *should* exercise its authority to grant *Amicus Curiae* his requested access to confidential filings, it is important to note that the Commission's

opening brief cites to the Confidential Appendix 69 times, 18 of which citations appear in its argument section. ITC Principal Br. 3-15, 18, 22, 30-31, 33-35, 42-45. There is good reason to believe the Commission will again cite often to the Confidential Appendix in its reply brief on the merits. A robust rebuttal to the Commission's points requires a full understanding of the record evidence that the Commission relies upon in seeking reversal of the decision under review.

The Commission does not specify any harm that it or third parties would suffer, were the Court to grant *Amicus Curiae* access to confidential filings in this appeal. It concedes that there is no reason to doubt that *Amicus Curiae* will preserve the secrecy of confidential materials. ITC Opp. 15, n.3. Vaguely, the Commission suggests a potential "chilling effect" on future third-party questionnaire responses (ITC Opp. 14). But it is difficult to imagine why any of the Commission's questionnaire respondents, past or future, would be concerned if *Amicus Curiae* were granted access to their confidential submissions, under a protective order.[1] That

---

[1] It is especially difficult to imagine why the Commission's questionnaire respondents, who submitted their responses over five years ago, would be alarmed if a court-appointed *Amicus Curiae* were granted restricted access to their responses. *See CVB, Inc. v. United States*, 675 F. Supp. 3d 1324, 1330 (Ct. Intl. Trade 2023) ("The Commission based its U.S. industry data on responses from fifty-three domestic producers that represented the vast majority of domestic production in 2019."); *cf.* Fed. Cir. R. 25.1(a)(1) ("After five (5) years following the end of all proceedings in this court, the court may direct the parties to show cause why confidential filings (except those protected by statute) should not be unsealed and made available to the public.").

*Amicus Curiae* does *not* represent an interested party makes the Court's consideration of this motion easier than in trade and patent cases where the lawyer seeking access to confidential materials works for a direct competitor. *Cf. U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) (whether competitor's in-house counsel should have access to confidential materials); *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373 (Fed. Cir. 2010) (whether patent prosecution bar should extend to competitor's lead litigation counsel who had access to confidential materials in the case).

In sum, the Court has discretion to grant *Amicus Curiae* access to confidential materials filed in this appeal, and it should exercise that discretion by granting the pending motion.

Additionally, four points in the Commission's opposition warrant brief responses:

**1.** **Scope of *Amicus Curiae's* appointment.** The Commission opines that *Amicus Curiae's* "role is to provide the perspective on why, as a general legal matter, the lower court acted within its discretion in choosing to question and overrule the Commission's BPI designations." ITC Opp. 18. The Commission notes that "the other *amici* that have filed briefs in this case . . . recognized that access to the specific BPI in the record of this particular case was not necessary to address the pertinent legal issue." ITC Opp. 6.

The Commission misunderstands the duty that the Court has appointed *Amicus Curiae* to discharge: "Mr. Dhuey is appointed as *amicus curiae* in support of the United States Court of International Trade's decision on appeal." Order, D.E. 29 at 2. To defend or attack a decision on appeal is a broader *amicus* appointment than addressing specific legal questions. *Compare DiMasi v. Sec'y of HHS*, No. 22-1854 (Fed. Cir. 2023), D.E. 40 at 2 (*amicus* appointed "in support of Stephanie DiMasi's appeal") *with W.J. v. Sec'y of HHS*, 93 F.4th 1228, 1234 (Fed. Cir. 2024) (*amicus* "appointed ... to elaborate on certain issues in this appeal").

Relying on the Court's decision in *DePuy Synthes Prods. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364 (Fed. Cir. 2021), the Commission acknowledges in its principal brief that the applicable standard of review for this appeal – abuse of discretion – requires assessing whether the Trade Court's decision "rests on a legal error or a clearly erroneous finding of fact." ITC Principal Br. 28 (citing *id.* at 1369). Consequently, in order for *Amicus Curiae* to fulfill his appointed role of "defend[ing]" or "support[ing]" the Trade Court's "decision on appeal" (D.E. 29), he must not only analyze the Trade Court's legal conclusions but also its findings of fact. As this Court recognized in *DePuy Synthes Prods.*, when a court determines that information is not "entitled to confidential treatment," that court is making a factual finding which this Court reviews for clear error. *See DePuy Synthes Prods.*, 990 F.3d 1364, 1371-73 (concluding that "the district court did not clearly

err by" so "finding"). In order to adequately assess and defend the Trade Court's factual findings that the "company names and numerical approximations" in its merits decision are "not confidential" and "do not 'closely track' the Commission's figures" (*CVB, Inc.*, 618 F. Supp. 3d at 1317), *Amicus Curiae* needs access to the Confidential Appendix and the Commission's confidential principal brief, which cites to the Confidential Appendix 69 times.

2.    **Specific confidential filings at issue.** The Commission's opposition recounts the procedural history of this appeal, and the related appeal (No. 24-1504) which the appellant therein (CVB, Inc.) voluntarily dismissed. ITC Opp. 17. To reiterate, this motion concerns only confidential filings in *this* appeal (No. 24-1566), starting with the Confidential Corrected Principal Brief of Defendant-Appellant United States (D.E. 20). Thrice the Commission refers in its opposition to a "joint appendix" (ITC Opp. 5, 17-18), but there is only the Appendix, the Confidential version of which is D.E. 17. The Commission is solely responsible for the contents of the Confidential Appendix, as it was the sole party before the Court at the time of its filing. *Amicus Curiae* also seeks access to any additional confidential filings the Commission may make going forward, including a confidential version of a reply brief in response to the upcoming Brief of *Amicus Curiae*.

3.    ***Amicus Curiae's*** **purported "acknowledgement".** The Commission contends that *Amicus Curiae* made an "acknowledgement that information

appearing in the confidential joint appendix is rightfully there". ITC Opp. 18. That is not so. First, as discussed above, there is no *joint* appendix. And second, *Amicus Curiae* is in no position to acknowledge anything about the Confidential Appendix, as he thus far has had no access to it.

4. **The Commission's requested leave to file a sur-reply brief.** The Commission seeks from the Court "the opportunity to respond" should *Amicus Curiae* make a "newly raised request" in this reply brief. ITC Opp. 18, n.5. *Amicus Curiae* makes no new requests in this reply to the Commission's opposition brief – he seeks access only to the Commission's confidential filings specified in the pending motion.

Date: 30 March 2025

Respectfully submitted,

/s/ Andrew J. Dhuey

ANDREW J. DHUEY
456 Boynton Avenue
Berkeley, CA 94707
(510) 528-8200
ajdhuey@comcast.net

*Court-Appointed* Amicus Curiae *in Support of the United States Court of International Trade's Decision on Appeal*