NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re UNITED STATES,**
*Defendant-Appellant*

---

2024-1566

---

Appeal from the United States Court of International Trade in No. 1:21-cv-00288-SAV, Judge Stephen A. Vaden.

-------------------------------------------------

**In Re UNITED STATES,**
*Petitioner*

---

2025-127

---

On Petition for Writ of Mandamus to the United States Court of International Trade in No. 1:21-cv-00219-SAV, Judge Stephen A. Vaden.

---

**ON PETITION**

---

Per Curiam.

**O R D E R**

In the above-captioned trade cases, the United States challenges orders directing the International Trade Commission ("Commission") to unseal certain business proprietary information ("BPI"). For the following reasons, we companion the matters, so they are decided by the same merits panel, and grant a temporary stay of certain orders of the United States Court of International Trade ("CIT").

I.

These matters arise out of antidumping duty investigations relating to certain phosphate fertilizers ("the *OCP Case*") and certain imported mattresses ("the *CVB Case*"). In September 2023, the CIT issued an order remanding the *OCP Case* to the Commission for additional proceedings. Before the Commission issued its decision on remand in the *OCP Case*, the CIT issued an order in the *CVB Case* that disclosed certain information the Commission had designated as BPI. The Commission and the parties moved the CIT to retract that order, which the CIT denied in January 2024. The government then filed an appeal, docketed as No. 2024-1566. The government's appeal is being briefed.

In the *OCP Case*, the Commission filed its remand decision and the administrative record with heavy redactions before the CIT. Following an evidentiary hearing, the CIT issued an order on March 27, 2025, finding that the Commission's "practice of automatically redacting [companies'] responses [to the Commission's questionnaires] is unlawful" as inconsistent with the statutory scheme permitting confidential treatment and the common law right of access and directing the Commission to treat as public certain information that the court identified as not entitled to confidential treatment. Appx47. The United States then filed this petition seeking a writ of mandamus in an attempt "to forestall" the CIT from issuing a public merits decision it expected to similarly include material designated as BPI. Pet. at 6. The government asks us to direct the CIT to "maintain the *status quo* pertaining to the Commission's

designation" by "prohibiting the CIT both from disclosing BPI and from requiring the Commission to contravene its statutory obligation to maintain the confidentiality of information submitted to it during the" underlying investigation. *Id.* at 22–23.

After the government filed this petition, on April 22, 2025, the CIT issued its merits opinion under seal, holding the Commission's determination on remand was unsupported by substantial evidence and again remanding for the Commission to address the identified errors within 90 days. The CIT also ordered that, "unless directed otherwise by the Federal Circuit," the Commission must comply with the March 27, 2025 order and "correct the public version of the record to reveal the wrongfully redacted information." Appx79. The trial judge also separately responded to the mandamus petition, contending that "[t]he [merits] opinion should be publicly released, and the underlying remand in this case should proceed." Resp. at 7.

In its reply, the government contends that, in light of the sealing of the CITs April 22nd Opinion, "it is unclear whether, or how, the Commission can proceed with the remand proceedings" because "the Commission cannot refer to its contents during the remand, and the parties to the litigation, as well as any non-party market participants, will have no knowledge of the reasons for the remand." Reply at 15. It asks us to "direct the CIT to issue a public version of the April [22nd] Opinion . . . that includes any redactions proposed by the Commission and the parties." *Id.* at 16. It further requests that we "vacate, or at a minimum, suspend the [CIT's] orders, until this Court issues a decision." *Id.* at 17. The government's reply reiterates that it "seeks only that the *status quo* of BPI protection be maintained in the proceedings . . . until such time as this Court issues a decision, either in" the *OCP Case* or the *CVB Case*. *Id.* at 16.

## II.

Under the All Writs Act, 28 U.S.C. § 1651(a), courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Under that authority, we have the power to pause an originating tribunal's order or issue other forms of interim relief. *Scripps–Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9 (1942); *see also Nken v. Holder*, 556 U.S. 418, 426 (2009) ("An appellate court's power to hold an order in abeyance while it assesses the legality of the order has been described as 'inherent,' preserved in the grant of authority to federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'"); *cf.* Fed. R. App. P. 8(a)(2).

In asking for a "suspen[sion]" of the *OCP Case* orders, we construe the petition as requesting an interim stay. We grant that request to the extent the CIT's directives requiring the government to correct the public version of the record and to change its practices of designating BPI in the *OCP Case* remand proceedings are stayed until further notice of this court. The United States has not otherwise shown entitlement to interim relief. The CIT issued its April 22nd Opinion under seal, eliminating the government's prior concern about any public release of information designated as BPI. And insofar as this court has been made aware, the government has not yet requested the CIT to issue a redacted version for purposes of conducting the remand proceedings.

Given the overlap of the issues of the above-captioned matters, the court companions the appeal in the *CVB Case* (No. 2024-1566) and the government's petition in the *OCP Case* (No. 2025-127), so that they will be decided by the

same merits panel.[1] In the *CVB Case* (No. 2024-1566), the Customs and International Trade Bar Association has filed an amicus brief in support of the United States and Andrew J. Dhuey has filed an amicus brief in support of the CIT's action. The court also appoints Alex H. Moss as amicus curiae counsel in support of the CIT's action in both the *CVB* case (No. 2024-1566) and the *OCP Case* (No. 2025-127).

Accordingly,

IT IS ORDERED THAT:

(1) No. 2024-1566 and No. 2025-127 shall be treated as companion cases and assigned to the same merits panel for disposition.

(2) The United States's request for an order directing the release of a redacted version of the merits opinion is denied without prejudice to renewing such request after first asking the CIT for such relief.

(3) The CIT's instructions to comply with the March opinion and to correct the public version of the record are stayed temporarily until further notice of this court.

(4) The Clerk of Court shall transmit a copy of this order to the merits panel assigned to these cases.

(5) Alex H. Moss is appointed as amicus counsel for purposes of briefing and argument in support of the CIT's

---

[1] We do not decide whether the government's petition should be construed instead as a direct appeal from the CIT's orders regarding BPI designations, which the merits panel may address. *See generally DePuy Synthes Prods., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1368 (Fed. Cir. 2021) (reviewing challenge to district court's unsealing order under the collateral order doctrine).

action challenged in Nos. 2024-1566 and 2025-127. Ms. Moss shall file entries of appearance no later than five business days from the date of entry of this order and a combined supplemental response to the government's opening brief and petition no later than 60 days from the date of entry of this order. The government may file a combined supplemental reply no later than 14 days thereafter. The supplemental filings shall be subject to the rules governing content and length for responses and replies to mandamus petitions. Ms. Moss may also file a supplemental appendix without further leave of court.

(6) The question of Mr. Dhuey's participation in oral argument is left to the merits panel assigned to this case.

(7) The cases will be calendared for the next available argument session after briefing is complete.

FOR THE COURT

June 11, 2025
Date

Jarrett B. Perlow
Clerk of Court